KAYATTA, Circuit Judge, dissenting.
I respectfully dissent.
The record contains one proper basis for calculating loss: The parties' joint stipulation that the loss on the second transaction was more than $95,000 but less than $150,000. Neither the stipulation nor the record as a whole offered any basis to calculate any loss at all for the other two transactions. So Mayendía made a very simple point below and on appeal: "At the sentencing hearing defense counsel correctly and consistently argued that there was nothing in the record which would warrant a loss higher than the stipulated loss agreed to with the government." Had the district court acknowledged the correctness of this argument, Mayendía's guideline sentencing range would have been lower than the range calculated by using the down payment amounts as a proxy for loss.
Rather than confronting this simple argument, the majority opinion recasts it as an argument that the district court's error was "in failing to apply a guidelines application note mandating that district courts subtract the fair market value of unsold collateral from the actual loss." Certainly Mayendía's brief explained how the use of the down payment amounts rather than collateral value was improper under the application note. That explanation buttressed his premise that the court could not equate the down payments to the loss. He also explained why the record does not contain the collateral values: Because "the parties jointly recommended to the sentencing court to use the stipulated loss amount ...." But once the district court explained what it did, Mayendía never argued that the court should have obtained and used the collateral values. To the contrary, he stressed exactly the opposite: "neither [he] nor the government were *40 [sic] required to present evidence as to the market value of the collateral since none of them were arguing for a loss different than that to which was stipulated."
Having fundamentally recast Mayendía's central and repeatedly asserted argument, the majority not surprisingly finds that the argument as recast was never made below. Thus armed with plain error review, the majority decrees that Mayendía cannot satisfy the prejudice prong unless he shows that use of the collateral values under the application note methodology would have produced a lower GSR. And, he cannot do that precisely because he is correct that the record contains no evidence that would have allowed the district court to use the application note methodology.
I would rule, instead, that Mayendía was correct in arguing below and on appeal that the evidence in this record provides no basis other than the stipulation for calculating any loss arising out of the three transactions considered by the district court. Hence, the district court's unsupportable use of the down payments to generate a higher loss amount was error (plain or otherwise). And it prejudiced Mayendía because it produced a higher GSR than would have the maximum stipulated amount.